**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **MALIBU MEDIA, LLC,** | * | **CIVIL ACTION NO. 1:14-CV-383** |
| **Plaintiff** | | **JUDGE** |
| **V.** | * | |
| **JOHN DOE subcriber assigned IP adddress 184.57179.247,** | * | **JANE DOE'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA AND REQUEST FOR HEARING** |
| **Defendant** | | |

Pursuant to Rule 12 of the Federal Rules of Civil Procedure, Jane Doe moves to dismiss the Complaint for failing to state a claim of relief that is plausible on its face. In the alternative, Jane Doe moves to Quash the Third Party Subpoena seeking to serve a subpoena upon the ISP to identify the subscriber to the subject IP address. A memorandum and anonymous declaration in support of this motion is attached. Jane Does additionally requests that this matter be set for a hearing.

Respectfully submitted,

*/s/ Matthew D. DiCicco*

Matthew D. DiCicco (0072889)
FREUND, FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
Phone: (937) 222-2424
Fax: (937) 222-5369
mdicicco@ffalaw.com
*Counsel for JOHN DOE subcriber assigned IP adddress 184.57179.247*

**MEMORANDUM**

1. **The Complaint Should be dismissed for failing to state a claim upon which relief may be granted**.

This case arises out of allegations of unauthorized copying and distribution of protected works via BitTorrent. *See Complaint, generally*. The Complaint fails to allege any volitional act by Jane Doe that amounts to copyright infringement. Instead, Plaintiff alleges that Jane Doe is the infringer without any basis for such allegation. *See Complaint, ¶20.*

The complaint should be dismissed for failing to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). Even accepting the allegations in the complaint as true, as this Court must on a Rule 12(b)(6) motion, the Complaint fails to state a prima facie case of copyright infringement. To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard," the Supreme Court cautions, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

Section 106 of the Copyright Act provides that the copyright owner "has the exclusive rights . . . (1) to reproduce the copyrighted work in copies . . . [and] (3) to distribute copies . . . of the copyrighted work to the public by sale or other transfer of the ownership, or by rental, lease, or lending." 17 U.S.C. § 106. To plead a prima facie case of copyright infringement of a motion picture, a plaintiff must allege that: (1) it owns a valid copyrights in the motion picture; and (2) **the defendant** violated one or more of the exclusive rights that § 106 grants copyright holders.

*Columbia Pictures Indus., Inc. v. T & F Enters., Inc.*, 68 F. Supp. 2d 833, 837 (E.D. Mich. 1999) (citing *Hasbro Bradley, Inc. v. Sparkle Toys, Inc.*, 780 F.2d 189, 192 (2d Cir. 1985)).

Plaintiff has not shown more than a sheer possibility that Jane Doe acted unlawfully. The Complaint alleges that Jane Doe exercises control over the IP address in question. Jane Doe is the person who purchased an internet subscription and was assigned the unique IP address at issue. *See Declaration of Jane Doe, ¶2,* attached as *Exhibit A.* Plaintiff alleges that the unique IP address is being used to distribute Plaintiff's copyrighted movies. However, Plaintiff has no evidence of who committed the alleged copyright infringement, but merely believes it can identify the internet access account used, and proceeds -- frivolously -- to sue the person or entity who pays the bill for that internet access account.

On the dates Plaintiff alleges the infringement occurred, Jane Does was not present in the home, nor was even in the town, in which the Internet Service Provider provides service under the IP address referenced in the Complaint. *Id. at ¶5.* Jane Does has never accessed the internet using the referenced IP address. *Id. at ¶4,6.* More specifically, Jane Doe finds the titles of the material in the exhibit attached to the Complaint to be offensive. *Id. at ¶7.* Allowing Plaintiff to discover Jane Doe's identity and name her as a party to its lawsuit, alleging she viewed and downloaded such salacious and scandalous material, will cause her considerable harm and embarrassment. *Id. at ¶8.*

Jane Doe is an innocent party whose internet access was abused by someone that had access to the computer. It is that person, and not Jane Doe who infringed Plaintiff's works. *See, K-Beech, Inc. v. Does 1-41, 2012 WL 773683 at *4.* Jane Doe's internet account could likely have been compromised by hackers and unsecured wireless routers through which unknown interlopers accessed the subscribers' internet accounts. *See, In re Bittorrent,* 2012 WL 1570765 at *12. It can no more likely that Jane Doe, the subscriber to an IP address carried out a

particular computer function — here the purported illegal downloading of pornographic films — than to say an individual who pays the telephone bill made a specific telephone call.

The ISP at issue in this case provides a wireless router as part of Internet service. *See Declaration of Jane Doe,* ¶*2.* As a result, a single IP address usually supports multiple computer devices — which can be operated simultaneously by different individuals. *See U.S. v. Latham*, 2007 U.S. Dist. LEXIS 94264, 2007 WL 4563459, at *4 (D.Nev. Dec. 18, 2007). Different family members, or even visitors, performed the alleged downloads, not Jane Doe. Unless the wireless router has been appropriately secured (and in some cases, even if it has been secured), neighbors or passersby could access the Internet using the IP address assigned to a particular subscriber and download Plaintiff's film. Because Plaintiff has not shown more than a sheer possibility that Jane Doe acted unlawfully, this Court should dismiss Plaintiff's Complaint.

**2. The Court Should Quash the Third-Party Subpoena.**

Plaintiff claims to be the owner of a copyright registered for the work in question. *See, Complaint at* ¶*32.* Jane Doe is identified only by an IP address purportedly corresponding to a physical address in this district, defined in the complaint as "a number that is assigned by an ISP to devices, such as computers, that are connected to the Internet." *Id* at ¶8. The Complaint further alleges that Jane Doe's Internet Service Provider can identify the Defendant. *Id*. at ¶10. The complaint describes a peer-to-peer filing sharing protocol known as BitTorrent, which is a means by which devices connected to the Internet can share large computer files (such as digital copies of movies) while minimizing the strain on computer networks. *See, Id. at* ¶¶11-14.

Plaintiff has filed a motion for leave to file a third-party subpoena prior to a Rule 26(f) conference, seeking to serve subpoenas upon the ISPs to identify the subscriber to the subject IP addresses. Specifically, this subpoena seek the true name, address, telephone number, e-mail address of the Defendant to whom the ISP issued an IP address.

The complaint asserts that Jane Doe — identified only by an IP address — was the individual who downloaded the subject "work". However, the assumption that the person who pays for Internet access at a given location is the same individual who allegedly downloaded sexually explicit film is tenuous at best. An IP address provides only the location at which one of any number of computer devices may be deployed.

Plaintiff's Subpoena improperly seeks information relating to IP address of Jane Doe that potentially has nothing to do with any infringement activities. Plaintiff improperly suggests that Jane Doe is tied uniquely to a specific IP address. However, Jane Doe does not live in the home where the computer that contains the referenced IP address is located. Jane Doe was not present when the alleged downloads occurred. *See Declaration of Jane Doe,* ¶*5.*

Moreover, an IP address can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the infringing activities. To successfully identify the infringer, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the Subpoena. See, *Boy Racer, Inc. v. Doe,* 2011 U.S. Dist LEXIS 103550 (N.D. Cal. Sept. 13, 2011). Granting Plaintiff the form of relief that it seeks would impermissibly allow Plaintiff to subpoena ISP's to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff could never make party to this suit and subject them to "onerous, invasive discovery and/or unfair settlement tactics." *Pacific Century Ina Ltd. v. Does 1-101,* No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, *6 (N.D. Cal. Oct. 27, 2011).

The Subpoena should also be quashed for the additional reason that Plaintiff is utilizing Court procedures in an attempt to extort a settlement from Jane Doe, an innocent individual. Plaintiff will harass and embarrass Jane Doe by naming her as a defendant in an action for copyright infringement of adult pornographic videos. Courts addressing these pornographic movie infringement cases have expressed concern about such abusive settlement tactics. *See, Pac. Century Ina,*

*Ltd. v. Doe supra,* at *9 (ND. Cal. Oct. 27, 2011); *On the Cheap, LLC v. Does*, 1-5011, 2011 U.S. Dist. LEXIS 99831, 2011 WL 4018258.

The name and address produced in response to Plaintiff's Subpoena will not in fact be the individual or individuals who downloaded the copyrighted movies in Exhibit B. The true offender may be a relative or a neighbor. This risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading pornography. See, *Digital Sin, Inc. v. Does 1-176*, 279 F.R.D. 229, 2012 U.S. Dist. LEXIS 10803, 2012 WL 263491, at *3 (S.D.N.Y. 2012) (citations omitted and emphasis added).

Although the complaint alleges that an IP address is assigned to a device and by discovering the individual associated with that IP address will reveal defendant's true identity, this is unlikely. The IP addresses will actually reflect a wireless router or other networking device, meaning that while the ISPs will provide the name of its subscriber, the alleged infringer could be the subscriber, a member of his or her family, an employee, invitee, neighbor or interloper. *In re BitTorrent Adult Film Copyright Infringement Case*s, 296 F.R.D. 80, 85 (E.D.N.Y. 2012).

With respect to the specificity of discovery requests, the *Sony Music* court explained that this factor requires that "Plaintiffs' discovery request is also sufficiently specific to establish a reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." *Sony Music*, 326 F. Supp. 2d at 566. While the discovery propounded by plaintiff is specific, it does not establish a reasonable likelihood it will lead to the identity of a defendant who could be sued. *See Pacific Century Int'l Ltd. v. Does*, 2011 U.S. Dist. LEXIS 124518, 2011 WL 5117424, at *2 (N.D.Cal. Oct. 27, 2011). Therefore, Plaintiff's Third-Party Subpoena should be quashed.

**CONCLUSION**

Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting "settlement" payments from a person who is not an infringer. Jane Doe requests that this Court dismiss Plaintiff's Complaint for failing to state a claim upon which relief may be granted. In the alternative, Jane Doe further requests that the Court quash the Subpoena and grant any further relief that it deems appropriate. Jane Doe requests a hearing on this matter.

Respectfully submitted,

*/s/ Matthew D. DiCicco*
Matthew D. DiCicco (0072889)
FREUND, FREEZE & ARNOLD
Fifth Third Center
1 South Main Street, Suite 1800
Dayton, OH 45402-2017
Phone: (937) 222-2424
Fax: (937) 222-5369
mdicicco@ffalaw.com
*Counsel for JOHN DOE subcriber assigned IP adddress 184.57179.247*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was served on all parties via this Court's electronic filing system on the 30th day of June, 2014.

*/s/ Matthew D. DiCicco*
Matthew D. DiCicco (0072889)