UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

-----------------------------------------------------------------X
:
MALIBU MEDIA, LLC,                                               :
: Civil Action No. <u>1:14-cv-00383-TSB</u>
                              Plaintiff,           :
:
vs.                                      :
:
JOHN DOE subscriber assigned IP address                          :
184.57.179.247,                                                  :
:
                              Defendant.           :
:
-----------------------------------------------------------------X

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Plaintiff, Malibu Media, LLC ("Plaintiff"), by and through undersigned counsel and pursuant to S.D. Ohio Civ. R. 7.2(a)(2), hereby submits its Motion for Leave to File Sur-Reply to Defendant's Reply in Support of Jane Doe's Motion to Dismiss Plaintiff's Complaint and/or Motion to Quash Plaintiff's Third Party Subpoena and Request for Hearing (CM/ECF 10), and states:

1. On June 30, 2014, Defendant filed her Motion to Dismiss Plaintiff's Complaint and/or Motion to Quash Plaintiff's Third Party Subpoena and Request for Hearing.  (CM/ECF 8).

2. Plaintiff's Response in opposition to Defendant's Motion, which demonstrates that Plaintiff's complaint states a plausible claim for relief and that Defendant failed to provide a legally cognizable reason under Fed. R. Civ. P. 45 to quash the subpoena to Defendant's ISP was filed on July 24, 2014.  (CM/ECF 9).

3. Defendant's Reply was filed on August 7, 2014.  (CM/ECF 10).

1

4. Plaintiff hereby respectfully requests this Court grant the instant Motion for Leave to File Sur-Reply so that Plaintiff may properly address and explain:

(A) In support of her 12(b)(6) Motion, Defendant's Reply cites heavily to *In re BitTorrent Adult Film Copyright Infringement Cases*, 2012 WL 1570765 (E.D.N.Y. May 1, 2012), an Eastern District of New York case that called into question whether an IP address could accurately identify an infringer. Defendant argues extensively that just because she is the internet subscriber assigned the subject infringing IP address, does not necessarily mean that she is the infringer. Defendant, however, fails to note that in that very same case, a similar motion to dismiss was <u>denied</u> on the basis that the plaintiff's claim for relief was plausible. *See Patrick Collins, Inc. v. John Doe 1*, 2013 WL 2177787 (E.D.N.Y. May 18, 2013). The court there held that "the Plaintiff has adequately pled a plausible claim of copyright infringement by providing sufficient detail as to the acts the John Doe Defendant took in infringing the copyright." *Id.* It further held that the plaintiff's ability to later prove that the defendant was the actual infringer had no bearing on the 12(b)(6) determination.

> <u>[T]he difficulty that the Plaintiff will ultimately have in proving that the individual John Doe Defendant was the one who actually utilized the IP address to commit the accused copyright infringement is not relevant in the context of a motion to dismiss.</u> Instead, at this time, the Plaintiff merely has to state a plausible claim. Thus, while it is a reasonable possibility that the Defendant here did not commit any copyright infringement because another individual did so using his IP address, such as a different family member, visitor, neighbor, or passerby, it is an equally reasonable possibility that the Defendant committed the accused of act.

*Id*. Further, the instant case is fundamentally different from the cases in *In Re BitTorrent* because Plaintiff has alleged Defendant infringed, not one, but sixty-nine (69) of its movies over a long period of time.

2

(B) Arguing in support of his motion to quash the subpoena Defendant quotes *Hard Drive Productions, Inc. v. Does 1-188,* 809 F. Supp. 2d 1150 (N.D. Cal. 2011) for the proposition that "it is evident that expedited discovery will not lead to identification of the Doe defendants or service of process. Indeed, the fact that no defendant has ever been served in one of these mass copyright cases belies any effort by plaintiff to allege that the discovery will lead to identification of and service on the Doe defendants." Reply, CM/ECF 10, at pp. 6-7. Defendant's citation to *Hard Drive Productions* is misplaced. Not only has Malibu Media, LLC served literally hundreds of doe defendants in its copyright infringement cases, but it has also tried and won the only BitTorrent copyright infringement lawsuit to reach trial (*Malibu Media, LLC v. John Does 1, 6, 13, 14*, 950 F. Supp. 2d 779 (E.D. Pa. 2013)), prevailed on a motion for summary judgment (*Malibu Media, LLC v. Bui*, 1:13-cv-00162-RJJ, CM/ECF 40 (W.D. Mich. July 21, 2014)), and is currently litigating against numerous other defendants in various districts. Even a cursory review of the cases filed by Plaintiff reveals the erroneous nature of Defendant's argument. The foregoing also disproves Defendants argument that "an IP address does not, and cannot identify an infringer." Reply, p. 4. In Plaintiff's experience, the IP address nearly always leads to the identity of the infringer.

5. "This Court has routinely found good cause exists to permit a party to file a sur-reply to address an issue raised for the first time in a reply brief." *Geiger v. Pfizer, Inc.*, 271 F.R.D. 577, 580 (S.D. Ohio 2010).

6. Here, good cause exists to grant the subject motion under S.D. Ohio Civ. R. 7.2(a)(2). Defendant's original Motion did not cite to *Hard Drive Productions* and *In re BitTorrent* was only cited twice in passing, not relied upon heavily as in Defendant's Reply.

3

**WHEREFORE,** Plaintiff respectfully requests this Court grant the subject Motion for Leave to File Sur-Reply.

DATED: August 12, 2014.

                                            Respectfully submitted,

                                            **YMF, INC.: The Law Office of Yousef M. Faroniya**

                                            /s/ *Yousef M. Faroniya*
                                            Yousef M Faroniya
                                            84 S. 4th St.
                                            Columbus, Ohio 43215
                                            Tel.: (614) 360-1855
                                            Fax: (614) 859-5016
                                            E-mail: yousef@ymfincorporated.com
                                            *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

     I hereby certify that on August 12, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

                                            By:    /s/ *Yousef M. Faroniya*
                                                            Yousef M Faroniya