UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| MALIBU MEDIA, LLC, | : | Case No. 1:14-cv-383 |
| Plaintiff, | : | Judge Timothy S. Black |
| vs. | : | |
| JOHN DOE subscriber assigned IP address 184.57.179.247, | : | |
| Defendant. | : | |

**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND/OR MOTION TO QUASH PLAINTIFF'S THIRD PARTY SUBPOENA (Doc. 8); AND (2) STRIKING PARAGRAPHS 25-28 FROM PLAINTIFF'S COMPLAINT**

This civil action is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint and/or Motion to Quash Plaintiff's Third Party Subpoena (Doc. 8) and the parties' responsive memoranda (Docs. 9, 10, 12).

### I. RELEVANT BACKGROUND

This action is one of hundreds in this district and thousands nationwide brought by Plaintiff Malibu Media, LLC that alleges copyright infringement based on unauthorized downloading and distribution of Plaintiff's copyrighted movies through BitTorrent. Defendant is identified only by the Internet Protocol Address ("IP address") 184.57.179.247. Plaintiff filed its complaint on May 10, 2014 together with a motion for leave to serve a third party subpoena prior to the Rule 26(f) conference. (Doc. 2). The Court granted the motion on May 12, 2014, permitting Plaintiff to serve a third party subpoena on Time Warner Cable, Defendant's Internet Service Provider ("ISP"),

commanding the ISP to provide the subscriber's name, address, telephone number, and e-mail address. (Doc. 4).

Jane Doe, appearing anonymously through counsel, identifies herself as the internet subscriber assigned IP address 184.57.179.247. (Doc. 8, Ex. A at ¶ 2). In an attached affidavit, Jane Doe denies any involvement in the acts alleged in the complaint, states that she was out of town on the specific dates the acts were alleged to have occurred, and provides that she finds the titles of the copyrighted movies offensive. (*Id.* at ¶¶ 4-7). Arguing that she is the internet subscriber, but not the copyright infringer, Jane Doe filed a motion to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted and/or a motion to quash the third party subpoena issued to her ISP.[1] (Doc. 8).

## II. FACTS AS ALLEGED BY PLAINTIFF

BitTorrent is a peer-to-peer file sharing system used for distributing large amounts of data. (Doc. 1 ¶ 11). BitTorrent permits users to directly interact with each other, eliminating the need for an intermediary host website. (*Id.* at ¶ 12). The BitTorrent protocol breaks a file into many small pieces called "bits" and users exchange these small bits amongst themselves instead of attempting to distribute a much larger file. (*Id.* at ¶ 13). After a user receives all of the bits for a particular digital media file, the BitTorrent client software reassembles the bits so that the file may be opened and utilized. (*Id.* at ¶ 14). Each bit of a BitTorrent file is assigned a unique cryptographic hash value known as a "bit hash" and each digital media file is assigned a unique cryptographic hash value

---

[1] For convenience, the Court will refer to Jane Doe as Defendant.

known as a "file hash," which acts as the unique digital fingerprint for the bit or digital file, respectively. (*Id.* at ¶¶ 15-17). The BitTorrent protocol uses these bit hashes to ensure each bit is properly routed amongst BitTorrent users as they engage in file sharing, and once a user downloads all the bits that comprise a digital media file, the BitTorrent protocol uses the file hash to determine that the file is complete and accurate. (*Id.* at ¶¶ 16-17).

The complaint alleges that Defendant downloaded, copied, and distributed sixty-nine of Plaintiff's copyrighted movies using BitTorrent. (Doc. 1 at ¶ 20, Ex. A). Plaintiff's investigator, IPP International UG, established a direct connection with IP address 184.57.179.247 and downloaded one or more bits of each of the movies identified by the file hashes listed in Exhibit A. (*Id.* at ¶¶ 18-23, Ex. A). Each file hash in Exhibit A corresponds with a copyrighted movie owned by Plaintiff identified in Exhibit B, along with the copyright registration number and date of registration. (*Id.* at ¶ 21, Exs. A, B). Plaintiff used IP address geolocation technology to track the IP address to Franklin, Ohio and identified Time Warner as the ISP. (*Id.* at ¶¶ 5, 9-10, Ex. A).

After downloading from Defendant one or more bits of each file hash listed on Exhibit A, IPP International UG then downloaded a full copy of each file hash from the BitTorrent file distribution network and confirmed that each file hash matched those listed in Exhibit A. (Doc. 1 at ¶¶ 19, 22). IPP International UG then verified that the digital media file correlating to each file hash "contained a copy of a move which is identical (or alternatively, strikingly similar or substantially similar) to the movie associated with that file hash." (*Id.* at ¶ 22).

3

Plaintiff alleges it is the copyright owner of the sixty-nine movies listed in Exhibit B, that Defendant copied and distributed the constituent elements of each copyrighted work, and that Plaintiff did not authorize or permit Defendant's copying and distribution. (Doc. 1 at ¶¶ 32-34).

### III. STANDARD OF REVIEW

#### A. Motion to Dismiss

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) operates to test the sufficiency of the complaint and permits dismissal of a complaint for "failure to state a claim upon which relief can be granted." To show grounds for relief, Fed. R. Civ. P. 8(a) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

While Fed. R. Civ. P. 8 "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). Pleadings offering mere "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (citing *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*.

Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

4

for the misconduct alleged." *Id.* Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief,'" and the case shall be dismissed. *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

### B. Motion to Quash Subpoena

A motion to quash or modify a subpoena is governed by Fed. R. Civ. P. 45(d)(3). First, subsection (A) provides that the Court "must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A). Further, the Court "may, on motion, quash or modify the subpoena if it requires: (i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and

5

results from the expert's study that was not requested by a party." Fed. R. Civ. P. 45(d)(3)(B).

The movant bears the burden of persuasion. *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011). "A party generally lacks standing to seek to quash a subpoena issued to a nonparty." *Id.* at 253 n.1. Limited exceptions exist if the party "claims some personal right or privilege with regard to the documents sought." *Mann v. Univ. of Cincinnati*, Nos. 95-3195, 95-3292, 1997 WL 280188, at *4 (6th Cir. May 27, 1997) (per curiam). "Such rights or privileges have been recognized with respect to personal bank records, information in a personnel file, corporate bank records, or Indian tribal records." *Waite, Schneider, Bayless & Chesley Co. L.P.A. v. Davis*, 1:11-cv-851, 2013 WL 146362, at *5 (S.D. Ohio Jan. 14, 2013).

## IV. ANALYSIS

### A. Motion to Dismiss

Plaintiff pleads a single claim for direct copyright infringement, which occurs when anyone "violates any of the exclusive rights of the copyright owner." 17 U.S.C. § 501(a). Plaintiff alleges that Defendant has violated its exclusive rights to reproduction, redistribution, public performance, and public display of its copyrighted works. 17 U.S.C. § 106(1), (3)-(5). The elements of a copyright-infringement claim are "(1) ownership of a valid copyright; and (2) copying of constituent elements of the work that are original." *Balsley v. LFP, Inc.*, 691 F.3d 747, 758 (6th Cir. 2012).

Defendant does not dispute that Plaintiff adequately pled copyright ownership; instead, Defendant argues that Plaintiff has not shown more than a mere possibility that

the subscriber of the assigned IP address is the person who committed the acts constituting copyright infringement.  In support of this contention, Defendant attaches the affidavit of Jane Doe in which she identifies herself as the subscriber and denies all involvement in the acts alleged in the complaint.  (Doc. 8, Ex. A).  However, an affidavit attached to a motion to dismiss is a matter outside the pleading, and the Court cannot consider it in ruling on a motion to dismiss.  *Bassett*, 528 F.3d at 430.

"[W]hile it is a reasonable possibility that the Defendant here did not commit any copyright infringement because another individual did so using his IP address, such as a different family member, visitor, neighbor, or passerby, it is an equally reasonable possibility that the Defendant committed the accused of act."  *Patrick Collins, Inc. v. John Doe 1*, 945 F. Supp. 2d 367, 375 (E.D.N.Y. 2013).  Courts have consistently "found copyright infringement claims to be sufficiently pled where the defendant was only identified by an IP address."  *Malibu Media, LLC v. John Does 1-11*, No. 12-cv-3810, 2013 WL 3732839, at *4 (S.D.N.Y. July 16, 2013) (collecting cases).  "[T]he difficulty that the Plaintiff will ultimately have in proving that the individual John Doe Defendant was the one who actually utilized the IP address to commit the accused copyright infringement is not relevant in the context of a motion to dismiss."  *Patrick Collins*, 945 F. Supp. 2d at 375.

Here, Plaintiff alleged that Defendant is the subscriber assigned IP address 184.57.179.247, and that this unique IP address is being used to copy and distribute Plaintiff's copyrighted movies.  (Doc. 1 at ¶¶ 2, 22, 33).  Accepting these allegations as true, Plaintiff has plausibly alleged that Defendant copied and distributed Plaintiff's

7

copyrighted movies without authorization. *Malibu Media, LLC v. Roldan*, No. 8:13-cv-3007, 2014 WL 3805494, at *2 (M.D. Fla. Aug. 1, 2014). "While there is a possibility that a third party has somehow gained access to Defendant's IP address, the more likely explanation is that it is Defendant who is distributing Plaintiff's works. This is all that is required to plausibly state a claim for relief on which relief may be granted." *Malibu Media, LLC v. Doe*, No. 13-12178, 2013 WL 3945978, at *4 (E.D. Mich. July 31, 2013). Whether Defendant actually performed the alleged conduct, and whether Plaintiff can demonstrate a factual dispute regarding the statements in the affidavit of Jane Doe, are matters reserved for summary judgment or trial. *Malibu Media, LLC v. Butler*, No. 13-cv-2707, 2014 WL 3272500, at *8 (D. Colo. July 8, 2014). Accordingly, Plaintiff has adequately pled a claim for copyright infringement.

### B. Motion to Quash

Defendant also argues that the Court should quash the subpoena served on her ISP because: (1) learning the identity of the internet subscriber is not reasonably likely to reveal the identity of the copyright infringer; (2) Plaintiff is attempting to extort a settlement; and (3) Defendant will suffer harm and embarrassment if she is publicly named in this action.

First, Defendant's objections do not fall into the limited category of rights or privileges that permit a party to seek to quash a subpoena issued to a nonparty. *Davis*, 2013 WL 146362, at *5. The subpoenaed information – name, address, telephone number, and e-mail address – is information that Defendant shared with her ISP and does not provide a basis to quash the subpoena based on privilege or privacy interests.

*Breaking Glass Pictures v. John Does 1-32*, No. 2:13-cv-849, 2014 WL 467137, at *4 (S.D. Ohio Feb. 5, 2014).

Defendant's second argument, that the subpoena will prove futile because she did not commit the acts alleged, also does not provide a basis for quashing the subpoena. "[N]othing in Rule 45 permits a court to quash a subpoena based on a general denial of liability." *TCYK, LLC v. Does 1-47*, 2:13-cv-539, 2013 WL 4805022, at *4 (S.D. Ohio Sept. 9, 2013). "[E]ven if discovery later reveals that a person other than the subscriber violated plaintiff's copyright, the subpoenaed information (the subscriber's contact information) is nevertheless reasonably calculated to lead to the discovery of admissible information, *i.e.,* the identity of the actual infringer." *TCYK, LLC v. Does 1-47*, 2:13-cv-539, 2013 WL 4805022, at *5 (S.D. Ohio Sept. 9, 2013). "Identifying the customers associated with the IP address of which plaintiff is aware is relevant to its claims. Even if the customer associated with the IP address is not necessarily the person who illegally downloaded plaintiff's [movies], the customer's name is the first step in identifying the proper defendant." *reFX Audio Software, Inc. v. John Does 1-111*, No. 13-c-1795, 2013 WL 3867656, at *2 (N.D. Ill. July 23, 2013).

Finally, the potential for embarrassment or extortion does not present a ground to quash the subpoena.[2] *TCYK, LLC v. Does 1-47*, No. 2:13-cv-539, 2013 WL 4805022, at *6-7 (S.D. Ohio Sept. 9, 2013). Accordingly, Defendant has not met her burden of demonstrating that the Court should quash the subpoena.

---

[2] The Court takes Plaintiff's counsel at his word that "Plaintiff's policy is to never object to a Defendant's request to proceed anonymously." (Doc. 9 at 2).

9

### IV.    ADDITIONAL EVIDENCE

Finally, the Court *sua sponte* raises what appears to be a remnant of one of Plaintiff's particularly controversial litigation practices.  Plaintiff's complaint makes the seemingly off-hand allegation that IPP International UG logged Defendant's IP address distributing 451 third-party files through BitTorrent.  (Doc. 1 at ¶ 25).  Plaintiff euphemistically describes this as "additional evidence" that Defendant is a persistent BitTorrent user and that "[m]any of the titles to the third party works may also be relevant to proving Defendant is the infringer because they correlate to the Defendant's hobbies, profession, or other interests."  (*Id.* at ¶¶ 27-28).  Plaintiff advises that it has this "additional evidence" on a separate document and disingenuously offers to produce it upon request.  (*Id.* at ¶ 26).

Plaintiff presumably did not attach this document to its complaint because its lawyers have been sanctioned for the same.[3]  *Malibu Media LLC v. Doe*, No. 13-cv-205, 2013 WL 4821911, at *1 (W.D. Wis. Sept. 10, 2013).  This attachment, the sequentially numbered Exhibit C, "consistently includes far more disturbing lewd, unusual and unredacted titles of pornographic films allegedly downloaded by the defendant than those belonging to plaintiff."  *Id.*  Courts concluded that the sole purpose of this exhibit was to "harass and intimidate defendants into early settlements by use of the salacious nature of others' materials, rather than the merit of its own copyright claims."  *Id.*

---

[3] After several courts issued sanctions, Plaintiff "instructed counsel nationwide to never file Exhibit C with a complaint again." *Malibu Media, LLC v. Doe*, No. 13-c-536, 2013 WL 6579338, at *4 (E.D. Wis. Dec. 12, 2013).

Although Plaintiff did not attach Exhibit C to its complaint, references to its existence and thinly-veiled threats of its production demonstrate that "these cases are fraught with circumstances that could embarrass the putative defendant should they become public and strongly influence his or her decision to settle even a meritless suit just to make the case go away before being publicly associated with their client's film." *Malibu Media*, 2013 WL 4821911, at *5.  The alleged infringement of third-party copyrights is "immaterial to the allegations in the complaint."  *Malibu Media, LLC v. Tashiro*, No. 1:13-cv-205, 2013 U.S. Dist. LEXIS 125897, at *10 (S.D. Ind. Sept. 4, 2013).  Further, "the exhibit is merely a list of filenames, and it likely constitutes 'immaterial, impertinent, or scandalous matter' that should be stricken from the complaint."  *Malibu Media, LLC v. Doe*, No. 13-c-213, 2013 WL 5876192, at *4 (E.D. Wis. Oct. 31, 2013) (quoting Fed. R. Civ. P. 12(f)).

Here, paragraphs 25-28 of the complaint allege that Defendant infringed the copyrights of third persons.  Although such information may potentially be relevant to the identification of the true infringer at a later stage in the litigation, it is immaterial to Plaintiff's claim that Defendant infringed its copyrighted works.  *Malibu Media, LLC v. Doe*, No. 2:13-cv-99, 2013 U.S. Dist. LEXIS 164834, at *8-10 (N.D. Ind. Nov. 19, 2013).  Pursuant to Fed. R. Civ. P. 12(f), the Court acting on its own may strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter."  The Court agrees that this case presents "special considerations" meriting exercise of this

discretionary remedy.[4] *Id.* at 15-16. Accordingly, the Court **STRIKES** paragraphs 25-28 from the complaint.

## V. CONCLUSION

For these reasons, Defendant's Motion to Dismiss Plaintiff's Complaint and/or Motion to Quash Plaintiff's Third Party Subpoena (Doc. 8) is **DENIED**. The Court **STRIKES** paragraphs 25-28 of the complaint, and Plaintiff shall file forthwith an amended complaint in accordance with this Order.

**IT IS SO ORDERED.**

Date: 10/6/14                    *s/ Timothy S. Black*
                                 Timothy S. Black
                                 United States District Judge

---

[4] *See also Watkins & Son Pet Supplies v. Iams Co.*, 107 F. Supp. 2d 883, 887 (S.D. Ohio 1999) (providing that striking a portion of a pleading could be appropriate if the allegation is "clearly injurious to a party to the action because of the kind of language used or the allegations are unmistakably unrelated to the subject matter").